UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACOB A. WALKER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION PARTNERS, INC.,<br><br>    Defendant. | Case No. 3:21-cv-03176 |

### CLASS ACTION COMPLAINT

**NOW COMES**, JACOB A. WALKER ("Plaintiff"), individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of CREDIT COLLECTION PARTNERS, INC., as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et. seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. JACOB A. WALKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by 815 ILCS 505/1(c).

8. CREDIT COLLECTION PARTNERS, INC. ("Defendant") is a corporation with its principal place of business at 905 W. Spresser Street, Taylorville, Illinois 62568.

9. Defendant is a "collection agency that contracts with 73 downstate Illinois county state's attorneys to recoup fines owed by defendants found liable in the county courts."[1]

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a "person" as defined by 815 ILCS 505/1(e).

12. Defendant is engaged in "commerce" in the State of Illinois regarding Plaintiff as defined by 815 ILCS 505/1(f).

**FACTUAL ALLEGATIONS**

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9551.

14. At all times relevant, Plaintiff's number ending in 9551 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

---

[1] https://creditcollectionpartners.com/about

16. In the year 2019, Plaintiff started receiving collection calls from Defendant in an attempt to collect an alleged debt for court fees and fines allegedly owed to Grundy County (alleged "subject debt").

17. On multiple occasions, Plaintiff answered Defendant's collection calls.

18. On several occasions, Plaintiff requested that Defendant send documentation to Plaintiff regarding the alleged subject debt and confirmed that Defendant had his current address.

19. Unfortunately, Plaintiff has never received any of the requested documentation from Defendant.

20. However, Plaintiff continued to receive collection calls.

21. Plaintiff specifically requested that Defendant to cease the collection calls on at least 10 separate occasions.

22. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection calls, including calls from the phone numbers (815) 201-8100, (815) 201-8103, (815) 201-8096, (815) 201-8101, and (815) 201-8102.

23. In most of the answered calls, Plaintiff was greeted by a prerecorded message.

24. In the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone.

25. From July 2020 through the present, Defendant placed an estimated one hundred (100) prerecorded collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

26. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls,

wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

28. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

29. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the state of Illinois (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

31. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for

exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.     Numerosity

32.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

33.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

34.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

35.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B.     Commonality and Predominance

36.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

37.     Those questions predominate over any questions that may affect individual members of the Putative Class.

### C.     Typicality

38.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D.     Superiority and Manageability

39.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.  Adequate Representation**

43. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

45. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

46. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. Defendant placed or caused to be placed approximately one hundred (100) non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

48. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

49. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

50. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

51. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

52. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, JACOB A. WALKER, on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act
## (815 ILCS 505/1 *et. seq.*)
## (On Behalf of Plaintiff only)

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

### a. Unfairness and Deception

55. It was unfair for Defendant to attempt to collect a debt by placing at the above-referenced calls to Plaintiff's cellular phone number after he requested that the phone calls cease.

56. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off his cellular phone. However, given the imperative function that cellular phone numbers play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

57. The phone harassment campaign that Defendant unleashed on Plaintiff was unethical, oppressive, and against public policy.

58. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

59. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

60. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

61. Furthermore, it was unfair and deceptive to not provide Plaintiff with basic validation documentation as he requested regarding the alleged subject debt.

62. An award of punitive damages is appropriate because Defendant's conduct as described above was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers in general.

**WHEREFORE,** Plaintiff, JACOB A. WALKER, requests the following relief:

a. a finding that Defendant violated the ICFA;
b. an order enjoining Defendant from placing further violating calls to Plaintiff;
c. an award of actual damages in an amount to be determined at trial;
d. an award of punitive damages in an amount to be determined at trial;
e. an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
f. an award of any further relief that is equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: July 29, 2021                    Respectfully submitted,

**JACOB A. WALKER**

By: */s/ Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com